Return Date: April 27th, 2010
Time: 10:30 A.M.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE:                                                                        Chapter 13
                                                                          Case No. 08-37245 CGM

**NELSIE PASTRANO-REDULA,**

                                                                          **OPPOSITION TO**
                                                                          **FEE APPLICATION**
                           **Debtor(s)**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

        Jeffrey L. Sapir, respectfully represents the following:

        1.      He is the Standing Chapter 13 Trustee for the Southern District of New York, and is fully familiar with the facts and circumstances of this case.

        2      This is submitted in opposition to the application of Joshua Bleichman, Esq., debtor's counsel, for professional fees to be paid through the plan.

        3.      The fee application is fatally defective and should be denied in its entirety as it completely fails to comply with the Guidelines for fees and disbursements for professionals in the Southern District of New York pursuant to this Court's Administrative order M-389 entered by Chief Bankruptcy Judge Stuart M. Bernstein on November 25th, 2009.

        4.      Counsel has failed to contain a Certification by the professional, specifically:

A.     <u>Certification</u>

     1.     Each application for fees and disbursements must contain a certification by the professional designated by the applicant with the responsibility in the particular case for compliance with these Amended Guidelines (the "Certifying professional"), that (a) the Certifying Professional has read the application; (b) to the best of the Certifying Professional's knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within these Amended Guidelines and the UST Guidelines, except as specifically

noted in the certification and described in the fee application; (c) except to the extent that feeds and disbursements sought are billed at rates and in accordance with practices customarily employed by the applicant and generally accepted by the applicant's clients; and (d) in providing a reimbursable service, the applicant does not make a profit on the service, whether the service is performed by the applicant in-house or through a third party.

2. Each application for fees and disbursements must contain a certification by the Certifying Professional that the trustee, and, in chapter 11 cases, the chair of each official committee and the debtor have all been provided not later than 21 days after the end of each month with a statement of fees and disbursements accrued during such month. The statement must contain a list of professionals and paraprofessionals providing services, their respective billing rates, the aggregate hours spent by each professional and paraprofessional, a general description of services rendered, as reasonably detailed breakdown of the disbursements incurred and an explanation of billing practices.

5. The application does not provide completed Schedules A(1) or A(2).

6. The application was not served on all parties in interest.

7. Not only should the application be denied for its procedural defect, but for its substantive defects as well.

8. This debtor was originally represented by Shmuel Klein. Mr. Bleichman was substituted as counsel on or about March 3, 2009. Therefore, any fee request by Mr. Bleichman for services prior to his substitution must be denied.

9. Even if this Court were to examine the entries seeking fees for services prior to the substitution, it would be clear that such entries of the filing of schedules were included in Mr. Klein's 2016(b) statement. While the initial petition was filed on October 8th, 2008, the schedules were not filed until October 23rd, 2008. Counsel is therefore seeking fees for which Mr. Klein was already paid.

10. The entries for October 27, 2008 and January 9, 2009 should not be considered for fees as they were amendments based on errors previously filed.

11. Counsel is seeking fees for a motion for sanctions that was denied, as well as for an adversary proceeding that was dismissed and closed.

12. Counsel enters time for reviewing a motion to lift the automatic stay. No opposition was interposed and no appearance was made.

13. Finally, it is amazing that counsel is seeking $34.00 for each entry for mailing a conditional order.

14. There is nothing to support that any of the fees requested are reasonably likely to benefit the debtor's estate or necessary to the administration of the case.

**WHEREFORE,** it is respectfully requested that the fee application be denied in all respects; and for such other and further relief as may be deemed proper by this Court.,

Dated: White Plains, New York
April 23rd, 2010

/s/ Jeffrey L. Sapir
**Jeffrey L. Sapir (JLS 0938)**
**Chapter 13 Trustee**
**399 Knollwood Road**
**White Plains, New York 10603**
**Tel. 914-328-6333**

**TO:** United States Trustee
74 Chapel Street
Albany, New York 12207

Joshua Bleichman, Esq.
268 Route 59 West
Spring Valley, New York 10977

Nelsie Pastrano-Redula
24 Old Country Road
Monroe, New York 10950

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE:  Chapter 13
Case No. 08-37245 MG

**NELSIE PASTRANO-REDULA,**

**Debtor(s)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**AFFIDAVIT OF MAILING**

STATE OF NEW YORK      )
COUNTY OF WESTCHESTER  ) ss.:

Lois Rosemarie Esposito, being duly sworn, deposes and says:

I am not a party to the action herein, I am over the age of 18 years and reside in the County of Westchester, State of New York.

On April 23rd, 2010 I served a true copy of the within document, to the herein listed parties at the address(es) designated for that purpose, by mailing same in a properly sealed envelope with postage prepaid thereon, in an official depository of the United States Postal Service within the State of New York to the following:

**TO:**: United States Trustee
74 Chapel Street
Albany, New York 12207

Joshua Bleichman, Esq.
268 Route 59 West
Spring Valley, New York 10977




Nelsie Pastrano-Redula
24 Old Country Road

Monroe, New York   10950

                                                                        /s/ Lois Rosemarie Esposito
                                                                           **Lois Rosemarie Esposito**

Sworn to before me this
23rd   day of  April, 2010

 /s/ Jeffrey L. Sapir

Jeffrey L. Sapir
Notary Public, State of  New York
No. 60-8764500
Qualified in Rockland County
Cert. Filed in Westchester County
Term Expires:  12/31/10